# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jared M.,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0764** (Monongalia County 19-C-30)

**Molly A.,**
**Respondent Below, Respondent**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jared M., by counsel Martin F. Mazezka, appeals the August 1, 2019, order of the Circuit Court of Monongalia County that affirmed two orders from the Family Court of Monongalia County.[1] The family court's January 16, 2019, order denied petitioner-father's motion to modify his and Molly A.'s, respondent-mother's, parenting plan. The family court's February 8, 2019, order awarded respondent attorney's fees. Respondent, by counsel Alyson A. Dotson and Michelle L. Bechtel, filed a response in support of the circuit court's order. Petitioner filed a reply.

This case satisfies the "limited circumstances" provision of Rule 21(d) of the Rules of Appellate Procedure; thus, a memorandum decision is appropriate. As more fully explained below, the Court is of the opinion that, in the order on appeal, the circuit court failed to set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review. We, therefore, reverse the circuit court's August 1, 2019, order and remand the case to the circuit court with instructions to draft a new order setting forth findings of fact and conclusions of law sufficient for meaningful appellate review.

The parties, who were never married, have one child together, a daughter, who was born in February of 2012. In September of 2013, the child was diagnosed with craniopharyngioma, a large benign tumor of the brain, and obstructive hydrocephalus. Thereafter, the tumor and the child's pituitary gland were removed. As a result, her growth, thyroid function, fluid retention, adrenal response, and metabolism are compromised. The surgery also affected her hypothalamus; therefore, she cannot regulate her temperature, and her thirst and hunger response may be affected. She also has diabetes insipidus. Finally, she is unable to produce cortisol, which helps maintain

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1983); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

blood pressure. Due to these conditions, the child must take numerous medications throughout the day to maintain her health.

In December of 2013, the parties separated. Thereafter, petitioner filed a petition in the Family Court of Monongalia County to establish custody and a parenting plan.

In August of 2014, doctors determined that the child's tumor had returned. Thereafter, the child received treatment that eventually eradicated the tumor. Since that time, the tumor has not recurred.

In September of 2014, the parties agreed to a parenting plan wherein respondent was allocated approximately 70% (ten out of fourteen days) of the parenting time and petitioner was allocated approximately 30% (four out of fourteen days) of parenting time. The child was then two-and-a-half years old. The family court adopted the "Agreed Permanent Parenting Plan" by order entered November 13, 2014. At the time, the parties lived in Morgantown, as they do to this day. However, in 2014, petitioner was commuting three to four days a week to and from Bridgeport (forty-five minutes each way), and he often worked more than forty hours per week. Respondent stayed home and cared for the child full-time and took the child to her many doctor appointments. Petitioner avers that he sacrificed parenting time with the child in 2014 so he could provide for her financially and so she could have consistent, full-time care from respondent. Petitioner claims that when the parties filed their parenting plan, they could not know how or if their daughter would recover given the state of her health at the time.

More than three years later, on December 13, 2017, petitioner filed a motion to modify the parties' 2014 parenting plan to a 50/50 division of parenting time due to his claim of a substantial change of circumstance, i.e., the significant improvement in the daughter's health. In that motion, petitioner claimed that the child (1) is now essentially normal due to her therapy and many medications; (2) is in second grade, can communicate when she is feeling unwell, and is able to regulate her health with adult supervision; and (3) participates in many activities including attending sporting events, going to the beach, and playing at a trampoline park. Petitioner also claims that respondent (1) has worked at least full-time since February of 2017: (2) has a forty-five minute commute to and from work; (3) stopped working full-time for a period of time after he filed his petition for modification of parenting time but has now returned to full-time employment; (4) recently traveled out of the country for work; (5) often leaves the child in the care of other adults, such as those at after-school care, whom he claims do not have the expertise to deal with the child's medical issues; and (6) leaves the child with her own mother during respondent's annual, week-long vacations outside the United States. Petitioner further claims he is now an independent contractor, which gives him flexibility in his work schedule. Finally, petitioner avers that he has a very warm relationship with the child, he is attentive to her needs, and he always makes the child his first priority.

Respondent claims that petitioner, in his December 13, 2017, petition, sought not only to increase his parenting time but to reduce his child support obligation, modify the medical decision-making provision, and modify the "babysitter rule." Respondent answered petitioner's petition claiming that petitioner would not be able to prove a substantial change of circumstances since the

entry of the November 13, 2014, order affirming the parties' parenting plan. Respondent also filed a "Motion to Dismiss and for Attorney Fees."

On October 26, 2018, the family court held a day-long hearing on the petitioner's motion to modify the parenting plan. Eleven witnesses were called, and thirty-two exhibits were entered into evidence.

By order entered on January 16, 2019, the family court denied petitioner's motion to modify the parties' "Agreed Permanent Parenting Plan." The family court found that (1) the child's three-year age difference (from the 2014 order to petitioner's filing in 2017) was not a significant change in circumstance; (2) in 2014, it was anticipated that respondent would begin to work outside the home so she could support herself and the child, as petitioner could not be expected to support respondent indefinitely; (3) it was not a significant change of circumstance that respondent started working full-time when the child started school; and (4) petitioner's job change was not a significant change of circumstance given that he had been a full-time employee since the case began.

On February 8, 2019, the family court heard testimony on respondent's motion regarding child support and attorney's fees. Prior to that hearing, respondent filed a "Renewed Motion for Attorney's Fees" in which she alleged that (1) she had spent more than $30,000 in attorney's fees for discovery and to prepare for the hearings on petitioner's motion to modify the parenting plan; (2) petitioner failed to meet his burden of proving a substantial change of circumstances; and (3) petitioner had acted in bad faith, wantonly, and for oppressive purposes. Petitioner responded with a motion to dismiss and a response to respondent's renewed motion for attorney's fees. Following the second hearing, the family court entered its "Final Modification Order" on February 8, 2019, which addressed medical insurance for the child, the division of payment for the child's medical expenses that are not covered by medical insurance, attorney's fees, and child support. The family court found that respondent had incurred $32,819 in attorney's fees and costs and that petitioner had incurred $32,822 in attorney's fees and costs. The family court further found that petitioner should have known there was no substantial change in circumstance to warrant a modification of the parties' parenting plan and awarded respondent $5,000 in attorney's fees.

Petitioner separately appealed both the January 16, 2019, order and the February 8, 2019, order to the circuit court, which consolidated the appeals and heard argument. Thereafter, the circuit court, on August 1, 2019, issued a scant ten-paragraph order addressing *both* orders. In that order, which is the order on appeal, the circuit court provided a very brief recitation of the "Facts and Procedural History," followed by some relevant law. The court's findings *and* conclusions regarding *both* family court orders, is *five sentences* long, and provides only the following:

> [Petitioner] argues that four substantial changes of circumstances have occurred since the November 2014 parenting plan was entered. These are (1) the child's improved medical condition[;] (2) [respondent] starting to work full-time in February 2017; (3) [petitioner's] changed employment in January 2017; and (4) the child's advancement in age and maturity. After listening to the testimony of eleven (11) witnesses and reviewing 32 exhibits, the Family Court found that [petitioner] failed to prove a substantial change in circumstances has occurred.

3

The [c]ourt finds that the Family Court's decision denying [petitioner's] request to modify the parenting plan is not clearly wrong. Additionally, this [c]ourt cannot discern an abuse of discretion in the Family Court Judge's ruling. Therefore, this court is of the opinion that the Family Court's Order[s] of January 16, 2019, and February 8, 2019, should be AFFIRMED.

We have previously remanded such wholly insufficient orders to the circuit court finding that

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W.Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W.Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363–64, 745 S.E.2d 250, 254-55 (2013).

Here, the circuit court clearly neglected to provide sufficient findings and conclusions in support of its ultimate decision. Accordingly, the circuit court's order is insufficient as a matter of law and cannot be upheld. The appropriate remedy is to reverse and remand the case to the circuit court for the entry of an order containing detailed findings of fact and conclusions of law to support its ruling.

For the foregoing reasons, we reverse the order on appeal and remand this case to the circuit court with instructions to enter a new order containing findings of fact and conclusions of law sufficient to allow meaningful appellate review.

Reversed and remanded.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman